## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

BOULAYE CISSE,

        Plaintiff,

        v.

MARBLE EXPO, INC. and SHAFI IQBAL,

        Defendants.

**Case No.:** 16-cv-8602

---

### COMPLAINT AND DEMAND FOR JURY TRIAL

---

Plaintiff, Boulaye Cisse, sues Defendants, Marble Expo, Inc. and Shafi Iqbal, for underpayment of wages under the Fair Labor Standards Act and New York Labor Law.   In support, he states:

### INTRODUCTION

1.      Plaintiff has been employed by Defendants, Marble Expo, Inc. and Shafi Iqbal, longer than the statute of limitations allowable in the instant action.   Plaintiff has been employed by Defendants for approximately ten (10) years.   He was employed as a general worker and fork lift operator at a marble business owned, managed, and operated by Defendants in Bronx, New York.

2.      Throughout his employment, Plaintiff has been intentionally and systematically underpaid for work performed.

3.      For the past ten years, Plaintiff has also been intentionally and systematically underpaid for his hourly work.

4.      Specifically, Defendants:

a.   did not pay Plaintiff at a rate of time and one half for overtime hours worked;

b.   did not pay Plaintiff for work performed off-the-clock, despite knowing he was working;

c.   have paid Plaintiff less than the agreed-upon rate of pay for the past 10 years; and

d.   did not pay spread of hours compensation.

5.   Under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and the New York Labor Law ("NYLL"), 12 N.Y.C.R.R. § 146-1.4, employees are entitled to compensation at a rate of time and one half their regular rate of pay for hours worked in excess of forty hours per week, unless a statutory exemption or credit applies.

6.   When an employer wrongfully withholds wages, "an employee may sue to recover the wages, as well as (1) prejudgment interest; (2) reasonable attorney's fees; (3) costs of the suit; and (4) liquidated damages of [100%] of the withheld wages, if the employer willfully withheld the wages."[1]

7.   Throughout Plaintiff's employment, Defendants have willfully withheld thousands of dollars in wages from Plaintiff.  Besides the overtime violations, Defendants failed to compensate Plaintiff for off-the-clock hours of work they ordered Plaintiff to perform.   Furthermore, Defendants failed to pay Plaintiff at his agreed-upon rate of compensation.   Finally, Defendants failed to pay spread of hours compensation.

8.   Accordingly, Plaintiff is owed overtime, underpayment wages, liquidated damages, spread of hours compensation, and attorneys' fees and costs.

---

[1] *See* N.Y. Lab. L. § 198(1)(a); *Ho v. Target Constr. Of N.Y. Corp.*, 2011 U.S. Dist. LEXIS 33365, at *43-44 (E.D.N.Y. Mar. 28, 2011).

**PARTIES**

9.     Plaintiff lives in New York, New York.  He has worked for the Defendants for approximately ten (10) years as a general worker and fork lift operator. He has always been employed within the meaning of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

10.     Defendant, Marble Expo, Inc. is a New York domestic business corporation with an address of 1122 Washington Avenue, Bronx, New York, 10456.

11.     Defendant, Shafi Iqbal, is the owner, operator, and manager of: Marble Expo, Inc. 1122 Washington Avenue, Bronx, New York, 10456.

12.     During Plaintiff's employment with Marble Expo, Inc., Defendant, Shafi Iqbal was his direct manager.

13.     Defendants are the Plaintiff's "employers" within the meaning of the FLSA and NYLL.

**JURISDICTION AND VENUE**

14.     The Court has original subject matter jurisdiction under 28 U.S.C. § 1331 and § 1337, and 29 U.S.C. § 216(b) because this action involves a federal question under the Fair Labor Standards Act.

15.     The Court has supplemental jurisdiction over the New York Labor Law counts and New York State law claims under 28 U.S.C. § 1367, as these allegations involve the same facts and are part of the same controversy under Article III of the United States Constitution.

16.     This Court has personal jurisdiction over Defendants because they are a corporation and resident of New York and operate businesses within the State of New York.

17.     Venue is appropriate in this Court under 28 U.S.C. § 1391(b) because everything occurred in the County of the Bronx.

18.     Defendants are subject to personal jurisdiction within this District because Defendants are engaged in business in this District.

## DEFENDANTS ARE COVERED BY THE FAIR LABOR STANDARDS ACT AND NEW YORK LABOR LAW

19.     The Fair Labor Standards Act ("FLSA") defines "employer" as any "person" acting directly or indirectly in the interest of an employer in relation to an employee.  29 U.S.C. § 203(d).   *See also Boucher v. Shaw*, 572 F.3d 1087, 1090 (9th Cir. 2009) (emphasizing that the definition of "employer" under the FLSA is not limited by the common law concept of "employer," but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes).

20.     Defendants are employers under the FLSA because they paid Plaintiff to work at an office owned and operated by Marble Expo, INC as a Cleaner and Assistant Manager.

21.     Defendants exercised control over the terms and conditions of Plaintiff's employment by controlling and disbursing his wages, setting his work schedule, supervising his conduct, reserving rights to terminate his employment, and otherwise controlling all conditions of his employment.

22.     Defendants are employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a), and the New York Labor Law ("NYLL"), §§ 2 and 651.

23.     Defendants qualify for and are subject to both traditional and enterprise coverage under the FLSA.

24.     Defendants employed Plaintiff as an employee within the meaning of the FLSA § 203 and NYLL §§ 2 and 651.

## PLAINTIFF IS COVERED BY THE FAIR LABOR STANDARDS ACT AND NEW YORK LABOR LAW

25.     The Fair Labor Standards Act ("FLSA") applies to employees who are not exempt from coverage under the Act.

26.     Employees are presumed to be non-exempt under the FLSA and thus entitled to overtime pay at the rate of time and one half their regularly hourly rate for hours worked in excess of forty hours per week.[2]

27.     Plaintiff is an hourly employee of Defendants, and is thus non-exempt. However, to the extent that an exemption is asserted, the burden rests with the Defendant to "establish [it] through clear and affirmative evidence that the employee meets every requirement of an exemption." *Id.*

28.     Under the New York Labor Law ("NYLL"), "[e]very employer in the hospitality industry must pay to each employee . . . at least the minimum wage rates provided" in the NYLL.  12 N.Y.C.R.R. § 146-1.1.

29.     Plaintiff is thus entitled to coverage pursuant to the NYLL as well.

### Plaintiff's Employment with Defendants

30.     The Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") provide that, subject to certain exceptions, employers must pay employees overtime of at least one and one-half times their regular rate of pay for any hours over forty worked in a week.

---

[2] *See Ale v. Tennessee Valley Auth.*, 269 F.3d 688, 683 (6th Cir. 2001).

31.     Unless proven to be exempt from the protection of overtime laws, all employees are entitled to premium overtime pay for work in excess of forty hours per week.

32.     Plaintiff began working at the company owned and managed by Defendants.

33.     Defendants were required by law to pay Plaintiff minimum wage for forty hours of work per week and time and one half times the minimum wage for work in excess of forty hours per week.

34.     On average, Plaintiff worked eleven hours per day, six days per week, for a total of sixty-six hours per week.

35.     Under the FLSA, 29 U.S.C. 207, Plaintiff is entitled to overtime pay at a rate of time and one-half.  As such, he is entitled to myriad hours of overtime pay, overtime has not been paid throughout his employment.

36.     Plaintiff frequently comes to work at or about 8 a.m. per Defendants' instructions.

37.     Defendant, Shafi Iqbal has his receptionist Dhanmattie (Diane) Seelall handle the financial books and payroll. Time sheets began being signed on July 2016, before this date no time sheets were not signed.

38.     The time sheets are supposed to be used by Defendants to keep track of the hours worked by its hourly employees.

39.     Defendants have routinely failed to compensate Plaintiff for every overtime hour performed, in violation of the FLSA and NYLL.

40.     Defendants have thus withheld wages owed to Plaintiff in violation of the NYLL.

## Defendant's Bad Faith in Stealing Wages

41.    Defendants never provided Plaintiff with any information regarding his right to receive statutorily mandated overtime compensation or off-the-clock wages.

42.    Defendants were aware of the laws concerning minimum wages and overtime.

43.    Defendants did not consult legal counsel to determine whether their pay practices were in compliance with the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

44.    Defendants did not consult with the federal Department of Labor or the New York State Department of Labor to determine whether their pay practices were in compliance with the FLSA of NYLL, respectively.

45.    Defendants have not made a good faith effort to comply with the FLSA or the NYLL with respect to its compensation of Plaintiff.

46.    Accordingly, Plaintiff is entitled to recover all overtime pay due from off-the-clock hours worked for which compensation was not paid, the difference between the overtime wage paid and the overtime wage due to Plaintiff, unpaid wages, liquidated damages, and attorneys' fees under the FLSA and the NYLL.

47.    Because the NYLL and the FLSA's liquidated damages provisions are intended to combat different wrongs, Plaintiff is entitled to liquidated damages under ***both*** laws.[3]

---

[3] *See, e.g,. Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 262 (S.D.N.Y. 2008).

## COUNT I
## Unpaid Overtime Wages in Violation of the Fair Labor Standards Act
## 29 U.S.C. §§ 206(a), 207(a), and 216(b)

48.     Plaintiff re-alleges paragraphs 1-47 as if fully stated here.

49.     At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206(a) and 207(a).

50.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

51.     Plaintiff was made to work over forty hours per week on a consistent basis throughout his employment with Defendants.  Specifically, Plaintiff worked an average of sixty-six hours per week nearly every week he worked for Defendants.

52.     Despite working overtime on a consistent basis, Defendant did not pay Plaintiff at least minimum wage or rate of time and one-half for his overtime work.

53.     As a result, Plaintiff has not received owed overtime compensation at the rate mandated by the FLSA .

54.     Defendants' failure to pay Plaintiff overtime compensation at a rate not less than one and one-half times his hourly rate of pay is a violation of the FLSA, in particular 29 U.S.C. §§ 207 and 216(b).

55.     Defendants had actual and constructive notice that the "swipe-in" system failed to accurately track all hours Plaintiff worked, and affirmatively instructed Plaintiff to continue to "swipe in" hours after his workday began.

56.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

57.     Due to Defendants' violations of the FLSA, Plaintiff has suffered damages and is entitled to recover from Defendants' the unpaid overtime compensation, an equivalent amount as liquidated damages, interest, reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b), as well as pre- and post-judgment interest.

**COUNT II**
**Unpaid Overtime Wages**
**In Violation of 12 N.Y.C.R.R. § 146-1.4.**
**(Against All Defendants)**

58.     Plaintiff re-alleges paragraphs 1-57 as if fully stated here.

59.     At all relevant times, Defendants employed Plaintiff within the meaning of §§ 2 and 651 of the New York Labor Law ("NYLL").

60.     Plaintiff worked in excess of forty hours per week on a consistent basis during his employment with Defendants.  Specifically, Plaintiff worked an average of sixty hours per week nearly every week.

61.     Defendants had both actual and constructive notice that the "swipe-in" system failed to accurately track all hours Plaintiff worked, but affirmatively instructed Plaintiff to continue to "swipe in" hours after his workday began.

62.     Defendants' failure to pay Plaintiff overtime compensation at a rate of time and one-half and to compensate him for off-the-clock hours is a violation of the NYLL, in particular § 652(2) and Department of Labor Regulations, 12 N.Y.C.R.R. 146-1.4.

63.     The foregoing conduct, as alleged, constitutes a willful violation of the NYLL.

64.     As a result of Defendants' NYLL violations, Plaintiff has suffered damages and is entitled to recover from Defendants unpaid overtime compensation, an equivalent

amount as liquidated damages, interest, reasonable attorneys' fees, costs, disbursements of this action, pursuant to NYLL § 663.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

a.   An order of Judgment ruling that Defendants willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207;

b.   An order of Judgment ruling that Defendants willfully violated the New York Labor Law ("NYLL");

c.   An order of Judgment for owed minimum wages and overtime compensation, an amount equal as liquidated damages, reasonable attorney's fees and costs, and pre-and post-judgment interest, pursuant to § 216 of the FLSA;

d.   An order of Judgment for owed minimum wages, owed overtime compensation, liquidated damages, reasonable attorney's fees and costs, and pre- and post-judgment interest, pursuant to NYLL § 633;

e.   An order of Judgment stating that Plaintiff is entitled to Liquidated Damages under **both** the FLSA *and* the different provisions of the New York Labor Law;[4] and

. f.   Any other legal and equitable relief as this Court may deem just and appropriate.

---

[4] *See, e.g,. Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 262 (S.D.N.Y. 2008).

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.


Respectfully submitted this 27th day of October, 2016 by:

George T. Peters (GP2661)
Law Office Of George T. Peters, PLLC
2510 Valentine Avenue, 3rd floor
Bronx, New York 10458
P: (347)751-0157
E: g.peters@myattys1.com

*Attorneys for the Plaintiff*